IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVAR TUNSTALL, | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-15-4012 |
| LAURA Y. ARMSTEAD, *et al.* | * | |
| Respondents | * | |

\*\*\*

# MEMORANDUM OPINION

On December 31, 2015, Petitioner Avar Tunstall filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his conviction and sentence for first degree murder and related offenses entered in 2009 in the Circuit Court for Baltimore County. ECF 1. Respondents filed an Answer. ECF 9. Petitioner sought and received an extension of time in which to file his reply (ECF 10 & 11) but has filed nothing further. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons to follow, the petition will be denied and dismissed with prejudice and a certificate of appealability shall not issue.

## Background

### State Court Proceedings

Avar Tunstall was tried before a jury in the Circuit Court for Baltimore County, Maryland for the killing of Tyrell Scott. ECF 9, Ex. 1, 8, & 11. Tunstall acknowledged that he shot Scott seven times on the evening of August 25, 2008, which resulted in Scott's death. Tunstall argued that he killed Scott in self-defense. Evidence was presented that Scott was drunk

and threatened Tunstall with a knife. ECF 9, Ex. 9, pp. 2-5. The jury rejected Tunstall's theory of self-defense and convicted of first-degree murder and related weapons offenses. *Id.*, Ex. 1, 8, & 11. He was sentenced to life imprisonment plus a consecutive 25-year term of confinement. *Id.*

Tunstall filed a timely appeal with the Maryland Court of Special Appeals raising the following question: "Should this Court take cognizance of the plain error in the trial court's instruction to the jury regarding self-defense?" *Id.*, Ex. 8, p. 2. On January 19, 2011, the court, in an unreported opinion, affirmed Tunstall's judgment of conviction. *Id.*, Ex. 11. Tunstall's timely petition for writ of certiorari was denied by the Maryland Court of Appeals on May 12, 2011. *Id.*, Ex. 12.

Tunstall instituted state post-conviction proceedings on May 17, 2012, raising the following claims, as amended: (A) trial counsel was ineffective for (1) failing to file a motion for reduction of sentence; (2) failing to file an application for review of sentence by a three-judge panel (*id.*, ex. 12); (3) failing to object to trial court's voir dire question regarding a juror's ability to convict without scientific evidence; (4) failing to request a jury instruction on voluntary manslaughter (hot-blooded response to reasonably adequate provocation); and (B) he received an illegal sentence for use of a handgun in the commission of a crime of violence because the jury did not convict him of that crime. *Id.*, Ex. 13.

A hearing on Tunstall's post-conviction petition was held on July 25, 2014, in the Circuit Court for Baltimore County. ECF 9, Ex. 14. On December 2, 2014, the post-conviction court issued its opinion finding that Tunstall's sentence for use of a handgun in the commission of a crime of violence was an illegal sentence because the jury never specifically convicted Tunstall of that crime. The court ordered a resentencing hearing be scheduled to vacate the conviction and sentence regarding the handgun violation. The post-conviction court also granted Tunstall the

opportunity to file a belated motion or modification of sentence, due to counsel's failure to do so. The post-conviction court denied relief in all other respects. *Id.*

Tunstall filed an application for leave to appeal the decision of the post-conviction court, raising the following claims: (A) trial counsel was ineffective for (1) failing to request a jury instruction on involuntary manslaughter and hot-blooded response to adequate provocation; (2) misadvising him of his right to testify; (3) failing to object to the court advising the jury of his prior conviction; (4) failing to request a voir dire question regarding bias towards a drug dealer or user of narcotics; and (5) failing to investigate or raise the defense of not criminally responsible. *Id.*, Ex. 15. The application was denied summarily by the Court of Special Appeals on December 22, 2014. *Id.*, Ex. 16.

## Claims Raised in this Court

In the instant petition, Tunstall asserts that he is illegally being detained in state custody. In support of his claim he states trial counsel was ineffective for: (1) failing to request a jury instruction on hot-blooded response to adequate provocation; (2) misadvising him of his right to testify, and (3) failing to object to the court advising the jury of his prior conviction. He also asserts that the post-conviction court erred by failing to rule on his claim that appellate counsel was ineffective. ECF 1, p. 6.

## Standard of Review

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the

3

doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, __ U.S.__, __, 134 S.Ct 1697, 1702 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 101 (internal quotation marks omitted).

Further under §2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.* "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379.

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner

5

alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* at 696.

As the Supreme Court held in *Strickland v. Washington, supra,* "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id.* at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e) (1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* Federal habeas relief may not be granted on a claim of ineffective assistance of counsel where the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

## Analysis

1. Failure to request jury instruction on hot-blooded response to adequate provocation

Tunstall alleges that his trial counsel was ineffective for failing to request a jury instruction on hot-blooded response to adequate provocation. ECF 1. Tunstall raised this claim before the state post-conviction court which rejected it, holding:

> The Court instructed the jury on first-degree premeditated murder, second-degree murder, voluntary manslaughter based on partial self-defense, as well as complete self-defense. Petitioner contends Mr. Daneman rendered ineffective assistance by failing to instruct the jury on voluntary manslaughter for hot-blooded response to a legally adequate provocation. Petitioner argues that because witnesses testified that the victim threatened Petitioner with a buck knife, Mr. Daneman denied Petitioner a theory supported by the evidence to mitigate first-degree murder to manslaughter. The State contends that Mr. Daneman's decision not to request a jury instruction for hot-blooded response to a legally adequate provocation was sound trial strategy.
>
> Trial counsel is granted wide latitude the choice of defensive strategies. The fact that a trial strategy did not work as well as trial counsel hoped does not mean that

6

> the trial counsel rendered ineffective assistance. At the post-conviction hearing, Mr. Daneman testified that he believed Petitioner had a strong chance of being acquitted at trial under the theory of self-defense. Indeed, if Mr. Daneman requested the instruction for hot-blooded response to a legally adequate provocation, Mr. Daneman would have given the jury an avenue to convict Petitioner of a lesser-included offense, rather than an outright acquittal. Although, Mr. Daneman's decision proved unsuccessful, Petitioner did not meet his burden proving the decision was an unreasonable choice that fell below the wide range of professionally competent assistance. Thus, Mr. Daneman did not render ineffective assistance by failing to request a jury instruction for hot-blooded response to a legally adequate provocation.

ECF 9, Ex. 12, p. 9.

A federal court "exercises a limited role" when collaterally reviewing a state trial court's jury instructions, *Smith v. Bordenkircher*, 718 F.2d 1273, 1276 (4th Cir. 1983) and "the inquiry is narrow." *Murphy v. Holland*, 776 F.2d 470, 476 (4th Cir. 1985), *vacated on other grounds*, 475 U.S. 1138 (1986). Because ordinarily "instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues," *Grundler v. North Carolina*, 283 F.2d 78-98, 802 (4th Cir. 1960), jury instructions are not cognizable on federal habeas review, unless the giving of the instruction violated a right guaranteed by the Fourteenth Amendment. *See Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Luchenberg v. Smith*, 79 F.3d 388, 391 (4th Cir. 1996) *(per curiam)* ("[A]n erroneous jury charge may form the basis of a habeas petition, . . ., where the instruction 'so infected the entire trial that the resulting conviction violates due process' by rendering the trial fundamentally unfair."). Further, the mere omission of a required jury instruction is less likely to be prejudicial than an erroneous instruction. *Henderson*, 431 U.S. at 155.

Tunstall argues that trial counsel's failure to request an instruction on "hot-blooded" response to provocation rendered his performance defective. While "a defendant is entitled to an instruction submitting to the jury any theory of defense for which there is a foundation in the

evidence" *United States v. Hicks*, 748 F. 2d 854, 857 (4th Cir. 1984) (citations omitted), trial counsel determined that such an instruction was not in Tunstall's best interest and did not request it. The post-conviction court determined that the trial attorney used sound trial tactics in not pursuing such an instruction, and this Court agrees. Even assuming, *arguendo*, that counsel's conduct was deficient relative to Tunstall's claims of error regarding the jury instructions, Tunstall has failed to show a substantial likelihood that the jury would have reached a different verdict. Consequently, the undersigned finds that the post-conviction court's conclusions are neither contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d).

2. Failure to properly advise Tunstall of his right to testify

Tunstall alleges that trial counsel was ineffective in misadvising him regarding his right to testify. ECF 1. The state post-conviction court rejected this claim finding:

> Petitioner argues that Mr. Daneman rendered ineffective assistance when he convinced him not to testify on his behalf, especially because Petitioner was arguing self-defense. Specifically, Petitioner alleges that he wanted to testify as to his state of mind but he was told not to testify because of his inability to communicate effectively. In response, the State contends Petitioner knowingly and voluntarily waived his right to testify and, if he was advised not to testify, the advice was the product of sounds trial strategy.
>
> A review of the record indicates Petitioner was advised of his right to testify as follows:
>
> MR. DANEMAN: Thank you, Your Honor. Mr. Tunstall, at this juncture of the case, you have the right to testify, sir, or you have the right to remain silent. If you elect to testify, you will be subject to vigorous cross-examination by the State's Attorney. His Honor would have the right to ask you questions, which you must answer truthfully. Do you understand?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: And the jury may as well.
>
> [PETITIONER]: Yes.

8

MR. DANEMAN: The jury can ask questions. They have a right to question you, and you have the obligation to answer them if you possibly can. Do you understand that?

[PETITIONER]: Yes, sir.

MR. DANEMAN: You also have the right to remain silent. If you elect to remain silent, sir, no inference of guilt will be drawn of your right to remain silent. That's your Constitutional right. Do you understand that?

[PETITIONER]: Yes.

MR. DANEMAN: You and I have discussed this on numerous occasions. I met with you this morning in the lock-up, we spoke to your mom last night to get her guidance, and do you wish to testify sir, or do you wish to remain silent?

THE COURT: Well, before Mr. Tunstall makes his election, Mr. Daneman, I just want to expand on what you said about the jury not taking into account his silence in any fashion. In fact Mr. Tunstall, if you decide to remain silent, Mr. Daneman will ask me to instruct the jury — that is actually tell the jury when I give them my instructions as to the law, that they may not consider your silence in reaching the verdict in this case. So it's not just that's what the law is, but it's what I will tell the jury they must do when they are deliberating. Now, do you have any questions that you want to ask Mr. Daneman about your right to testify or remain silent?

[PETITIONER]: No, sir.

THE COURT: What is your decision, sir?

[PETITIONER]: Remain silent.

THE COURT: You want to remain silent?

[PETITIONER]: Yes.

MR. DANEMAN: Is that your free and voluntary decision?

[PETITIONER]: Yes, sir.

MR. DANEMAN: Has anyone threatened you, harassed you, or induced you to make that decision today?

[PETITIONER]: No, sir.

9

> MR. DANEMAN: You're not under the influence of any alcohol or medication that would affect your ability to think clearly?
>
> [PETITIONER]: No, sir.
>
> THE COURT: And you understand, Mr. Tunstall, that at any time between now and the time Mr. Daneman says, 'I rest the defendant's case,' you can change your mind. Do you understand that, sir?
>
> [PETITIONER]: Yes
>
> This exchange shows Mr. Daneman fully advised Petitioner of his right to testify but that Petitioner knowingly and voluntarily waived that right. Even if Mr. Daneman advised Petitioner that it was best not to testify on his own behalf, that advice was sound trial strategy. Indeed, on cross-examination, Petitioner would have been confronted with explaining the two bullet wounds in the back of the victim. Instead of subjecting Petitioner to such cross-examination, Mr. Daneman secured two independent witnesses who testified the victim was the initial aggressor and that Petitioner was acting in self-defense. The fact that the strategy was ultimately unsuccessful does not mean it was unreasonable. Accordingly, Mr. Daneman did not render ineffective assistance.

ECF 9, Ex. 12, pp. 15-17.

The post-conviction court's findings survive scrutiny under 28 U.S.C. § 2254(d) and shall not be disturbed here. Tunstall knowingly and voluntarily waived his right to testify in the case. Any advice offered by defense counsel dissuading Tunstall from testifying on his own behalf was trial strategy subject to this Court's deference.

    3.    Failure to object to the court advising the jury of his prior convictions

Tunstall's claim that his trial attorney was ineffective for failing to object to the trial court advising the jury of his prior conviction was dismissed by the post-conviction court as follows:

> During the jury instructions, Judge Daniels stated the following:
>
> ...Exhibit 59 is a stipulation as to [Petitioner's] prior conviction for illegal possession of a firearm after having been convicted of a crime that would prohibit possession of a firearm. The facts that are in these exhibits are not in dispute and should be considered proven by you.

10

> Petitioner contends Mr. Daneman rendered ineffective assistance when he failed to object to the Court stating Petitioner's underlying conviction.
>
> > State's Exhibit 59 states:
> >
> > It is hereby stipulated and agreed by and between the State of Maryland and Avar Tunstall, the Defendant on trial under indictment number K-08-5016, that: The Defendant, Avar Tunstall, has been convicted of a disqualifying crime preventing him from being able to possess a regulated firearm in accordance with Public Safety Article 5-133(b).
>
> A review of the transcript and State's Exhibit 59 indicates Judge Daniels erroneously mischaracterized Exhibit 59 as a stipulation as to Petitioner's prior conviction for illegal possession of a firearm. However, Judge Daniels did not actually state the underlying crime, which was a conviction for the illegal possession of a firearm by a minor.
>
> Additionally, failure to object to a jury instruction constitutes a waiver of any later claim that the instruction was erroneous. Indeed, the Courts have "consistently held that the failure to object to or otherwise challenge a jury instruction constitutes a waiver of the issues for purposes of the Maryland Post-Conviction Procedure Act." Neither the Petitioner nor his appellate attorney challenged the proceeding on direct appeal. Thus, Petitioner's claim for an erroneous jury instruction is deemed waived.
>
> Further, Mr. Daneman's failure to object to the mischaracterization was not ineffective assistance of counsel as it was reasonable trial strategy. Exhibit 59, which stated the correct information, was submitted to the jury to read as evidence. If Mr. Daneman objected to Judge Daniels' mischaracterization of the stipulation, he risked highlighting the misstatement rather than allowing the Exhibit to speak for itself. Additionally, Petitioner failed to show how Mr. Daneman's failure to object prejudiced him and undermined his right to a fair trial. Accordingly, Mr. Daneman did not render ineffective assistance of counsel.

ECF 9, Ex. 12, pp. 17-19.

The post-conviction court's finding that trial counsel's conduct was not ineffective and that no prejudice inured to Tunstall is supported by the record and entitled to deference. 28 U.S.C. §2254(e).

4. Post-conviction court erred by failing to rule on his claim that appellate counsel was ineffective

In his petition, Tunstall raises as his fourth ground: "Did the lower err when it refused to rule on petitioner appellant counsel ineffectiveness for failing to raised all issue raised at petitioner post-conviction on direct appeal?" (sic) ECF 1, p. 6. Tunstall has provided insufficient facts to support this claim. As such, his claim fails under Habeas Rule 2.

Additionally, appellate counsel are not required to raise all plausible claims at the expense of burying good argument. *See Jones v. Barnes*, 463 U.S. 745, 753-54 (1983). Moreover, errors and irregularities in state post-conviction proceeding are generally not cognizable bases for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988)).

## Conclusion

Upon review of the petition for writ of habeas corpus, the response, and the exhibits, this Court determines that Tunstall is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceedings, Tunstall having failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction relief.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that

there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2).

A separate order follows.

/s/
William M. Nickerson
Senior United States District Judge

Date: September 5, 2017